**In re Raymond D. HEADRICK, Cynthia J. Headrick, Debtors.**

**Raymond D. HEADRICK, Cynthia J. Headrick, Plaintiffs,**

v.

**STATE OF GEORGIA, Acting Through its Agency, the Department of Revenue, Defendant.**

**Bankruptcy No. 94–12007.
Adversary No. 96–01027A.**

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Dec. 17, 1996.

Scott J. Klosinski, Augusta, GA, for Plaintiffs.

W. Wright Banks, Jr., Assistant Attorney General, Atlanta, GA, for Defendant.

## ORDER

JOHN S. DALIS, Chief Judge.

The Georgia Department of Revenue (hereinafter "Georgia") by motion seeks to alter or amend the order dated September 26, 1996 denying Georgia's motion for summary judgment in this adversary proceeding filed by Raymond and Cynthia Headrick (hereinafter "Debtors") alleging violations of

the automatic stay, 11 U.S.C. § 362.[1]. The Court has jurisdiction to hear the complaint as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(A)(B) & (O). The motion is denied.

The facts, viewed in a light most favorable to the Debtors, are restated from the previous order. The Debtors filed a Chapter 13 case on December 28, 1994. On April 10, 1995 Georgia filed a proof of claim for state income taxes. The Debtors objected to Georgia's claim, which claim Georgia voluntarily reduced after receiving a copy of the Debtors' 1993 tax return.

On October 24, 1995, Georgia issued a document titled "Official Assessment And Demand for Payment" (hereinafter "Assessment") against the Debtors. On December 21, 1995, Georgia issued to the Debtors a document titled "Collection Notice" (hereinafter "Notice"), which Notice contained demands for payment and threats of collection by levy, garnishment or attachment. Thereafter, the Debtors instituted this action against Georgia alleging that the collection attempts violated the § 362 stay. Georgia filed a motion for summary judgment alleging that this court lacks jurisdiction to hear

the action asserting an Eleventh Amendment[2] bar to the debtors' complaint, or in the alternative that Georgia's actions did not violate the automatic stay as a matter of law, which motion was denied. Georgia now requests that I reverse my prior ruling and grant it summary judgment.

I. THE FOURTEENTH AMENDMENT GRANTS TO CONGRESS THE AUTHORITY TO SUBJECT GEORGIA TO CAUSES OF ACTION FILED BY INDIVIDUALS TO ENFORCE THE PROVISIONS OF AND RECOVER DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY.

The Supreme Court has established a two prong test for determining whether Congress may abrogate the States' Eleventh Amendment immunity from suit in federal court: "... first, whether Congress has unequivocally expressed its intent to abrogate the immunity, and second, whether Congress has acted pursuant to a valid exercise of power." (citations omitted). *Seminole Tribe v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Bankruptcy Code, title 11 § 106[3], unequivocally

---

1. 11 U.S.C. § 362 provides in relevant part:
   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ...
   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; ...
   (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

2. United States Const. Amend 11 provides:
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

3. 11 U.S.C. § 106 provides: Waiver of sovereign immunity.

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
(1) Sections 105, 106, 107, 108, 303, 346, *362*, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.
(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.
(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for a costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.
(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit

expresses Congressional intent to abrogate the States' sovereign immunity by subjecting them to individual damage awards for violations of the automatic stay. *See, In re Merchants Grain, Inc.,* 59 F.3d 630 (7th Cir. 1995) *vacated and remanded sub nom., Ohio v. Mahern,* —— U.S. ——, 116 S.Ct. 1411, 134 L.Ed.2d 537 (1996) (Congress' 1994 revision of § 106 unequivocally evidenced its intent to abrogate the States' immunity from suit). The question is whether Congress has authority to abrogate this immunity under the United States Constitution.

In my previous Order, I found that the protections of the Bankruptcy Code are Congressional expression of specific privileges and immunities incident to federal citizenship, and that Congress may therefore enact legislation enforceable against the States in federal court under the Fourteenth Amendment of the United States Constitution[4]. *Headrick v. Georgia (In re Headrick),* 200 B.R. 963 (Bankr.S.D.Ga.1996), *citing, Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (The Fourteenth Amendment specifically authorizes Congress to abrogate the States' Eleventh Amendment immunity.) In seeking reconsideration of this order, Georgia presents two unpersuasive arguments against this holding: 1) that Congress did not expressly enact the Bankruptcy Code pursuant to the Fourteenth Amendment, thereby precluding its application to the Bankruptcy Reform Act of 1994; and 2) that such a holding is contrary to the Supreme Court's decision in *Seminole Tribe.*

▆▆▆ The *first* requirement for a valid abrogation of the States' immunity places upon Congress the burden of unequivocally expressing its intent to abrogate immunity in clear and unambiguous language. This first requirement does not require Congress to specify a constitutional provision as its basis. The *second* requirement, whether Congress has authority to abrogate, is a determination made by a court exercising the judicial power of the United States under Article III of the Constitution, not Congress nor this court. *Marbury v. Madison,* 5 U.S. 137, 2 L.Ed. 60 (1803) (Under Article III of the Constitution, it is the province and duty of the judiciary, not the legislature, to resolve conflicts between statutes and the Constitution); *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 58–59, 102 S.Ct. 2858, 2865, 73 L.Ed.2d 598 (1982) (Bankruptcy courts lack the judicial powers of Article III courts.)[5]

---

and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.

(5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.

(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

(c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate. (emphasis added)

4. U.S. Const. Amend. 14 provides in pertinent part:

Section 1. Citizens of the United States.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

. . .

Section 5. Power to enforce amendment.

The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article.

5. Although this court lacks the judicial power of review under Article III of the Constitution, when presented with a constitutional challenge to a federal statute sought to be enforced in this court, this court does not automatically lose jurisdiction. The bankruptcy court must address the issue presented and if the court determines a valid constitutional challenge exists, the bankruptcy court must submit proposed findings to the district court with a recommendation to withdraw the reference as to the constitutional challenge. 28 U.S.C. § 157(c)(1), (d). If the bankruptcy court determines, as I do here, that no valid constitutional challenge to the statute exists, it is incumbent upon the bankruptcy court to retain jurisdiction and resolve, as here, the core proceeding. See, *Knox v. Lee,* 79 U.S. (12 Wall.) 457, 531, 20 L.Ed. 287 (1870) (Acts of

Georgia also argues that my holding is contrary to the reasoning articulated in *Seminole Tribe*, and that failing to reverse the decision would be a de facto finding that Congress has authority to abrogate the State's immunity under any federal statute. The *Seminole Tribe* decision recognized and reaffirmed Congress' ability to abrogate a States' immunity under the Fourteenth Amendment. —— U.S. at ——, 116 S.Ct. at 1125. The Supreme Court did not analyze the constitutionality of the Indian Gaming Regulations Act under the Fourteenth Amendment because the petitioner abandoned this argument after the Eleventh Circuit Court of Appeals rejected its contention that the Indian Gaming Regulations Act created a liberty and property interest subject to Congress' protection under the Fourteenth Amendment. *Id.* at ——, 116 S.Ct. at 1125. *Seminole Tribe* therefore did not address whether Congress has authority under the Fourteenth Amendment to enforce a Debtor's right, as a citizen of the United States, to monetary relief for State actions which violate the automatic stay provisions of section 362 of title 11, the Bankruptcy Code. Furthermore, the rationale supporting Congress' abrogation of Georgia's immunity in this case does not, as Georgia asserts, allow Congress to abrogate the States' immunity under all federal statutes. The analysis here is limited to the bankruptcy clause of the Constitution. The Constitution Article I Sec. 8 Clause 4 provides that Congress shall have the power: "... [t]o establish ... uniform Laws on the subject of Bankruptcies throughout the United States." In the exercise of this power Congress has enacted 11 U.S.C. § 362 and, pursuant to 11 U.S.C. § 106, has unequivocally subjected the States to the provisions of § 362, including subsection (h). The privileges and immunities provided for under the uniform laws of bankruptcy applicable throughout the United States are incidences of federal citizenship against which, under the Fourteenth Amendment, no State may make or enforce any law abridging same. Additionally, the Fourteenth Amendment empowers Congress to enforce the provisions of the Fourteenth Amendment protecting the privileges and immunity of federal citizenship by appropriate legislation. Georgia may not therefore attempt to enforce its revenue collections statutes in defiance of the § 362 stay and Congress, in a valid exercise of its power of enforcement under the Fourteenth Amendment, can abrogate Georgia's sovereign immunity against individual suits in federal court for damages arising from its breach of the § 362(a) stay brought pursuant to § 362(h).

## II. EVEN IF GEORGIA IS IMMUNE FROM SUIT FOR ITS ALLEGED VIOLATIONS OF THE AUTOMATIC STAY, IT HAS WAIVED THAT IMMUNITY BY FILING A PROOF OF CLAIM AGAINST THE DEBTORS.

▮ In seeking to alter or amend my previous order in this case, Georgia concedes that its filing a proof of claim against the Debtor waives Georgia's sovereign immunity with regard to this court's adjudication of its tax claim against the Debtor under *Gardner v. New Jersey,* 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1946) *reh'g denied,* 330 U.S. 853, 67 S.Ct. 768, 91 L.Ed. 1296 (1947). However, Georgia asserts that this waiver is limited, leaving intact its immunity from any claim the Debtor may assert against Georgia in this court. It is not necessary that I explore the limits of Georgia's immunity waiver. The instant action does not involve a claim by the Debtor unrelated to the claim adjudication process, e.g. a breach of contract or tort claim. *Compare, Ellenberg v. Board of Regents (In re Midland Mechanical Contractors, Inc.),* 200 B.R. 453 (Bankr.N.D.Ga. 1996).

▮ Georgia allegedly attempted to collect the taxes in willful contravention of the automatic stay to which Georgia had subjected itself by submitting its tax claim and participating in the bankruptcy claim adjudication process. By submitting itself to this claim process, Georgia admittedly subjected itself to the court's authority to determine the amount of the claim and the dischargeability of all or part of the claim asserted. This submission to jurisdiction necessarily extends

Congress are presumptively constitutional unless

determined otherwise in an Article III court).

not only to the determination of these issues, but also to the enforcement of that determination, lest the determination be rendered meaningless. Bankruptcy courts maintain the equitable jurisdiction to achieve the orderly and expeditious disposition of bankruptcy cases without interference by parties within its jurisdiction, whether by statute or by consent. *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), rehearing denied, 498 U.S. 1043, 111 S.Ct. 721, 112 L.Ed.2d 709 (1990), *citing Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (Both cases dealt with a creditor's right to jury trial under the Seventh Amendment to the United States Constitution.) As set forth in my initial findings, the rationale used in *Granfinanciera* and *Langenkamp* applies equally here.

In *Granfinanciera* [the Supreme Court] recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S. at 58–59, and n. 14, 109 S.Ct. at 2799–2800, and n. 14 (citing [*Katchen v. Landy,* 382 U.S. 323 at 336, 86 S.Ct. 467 at 476 15 L.Ed.2d 391 (1966) ] ).

If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equitable jurisdiction. Granfinanciera, supra,* 492 U.S. at 57–58, 109 S.Ct. at 2798–2799.

*Langenkamp supra* 498 U.S., at 44, 111 S.Ct. at 331. In this case Georgia has voluntarily subjected itself to this court's equitable power, including enforcement of the automatic stay of collection efforts during the pendency of the case.

## III. GEORGIA HAS NOT ESTABLISHED AS A MATTER OF LAW THAT IT IS ENTITLED TO SUMMARY JUDGMENT ON THE MERITS OF THE COMPLAINT.

Georgia contends that its did not violate the automatic stay as a matter of law because its actions are excepted from the automatic stay as a tax assessment under § 362(b)(9) [6]. Although one of the notices is denominated an "Official Assessment and Demand for Payment," potentially subject to the § 362(b)(9) exception, the second document is an attempt to collect the pre-petition taxes, leaving an issue of fact regarding the Debtor's right to recover damages for a stay violation, and making summary judgment in favor of Georgia inappropriate. *See, In re Ungar,* 104 B.R. 517, 520 (Bankr.N.D.Ga. 1989) (Although I.R.S. tax assessment is excepted from automatic stay, attempt to collect pre-petition taxes violates the automatic stay.)

It is therefore ORDERED that the State of Georgia's motion to alter or amend is DENIED.

6. 11 U.S.C. § 362(b)(9) provides in pertinent part:
(b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—
(9) under subsection (a), of—
(A) an audit by a governmental unit to determine tax liability;
(B) the issuance to the debtor by a governmental unit of a notice of tax deficiency;
(C) a demand for tax returns; or
(D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor).