**In re Paul and Barbara RANSTROM, Debtors.**

**Paul and Barbara RANSTROM, Plaintiffs,**

**v.**

**INTERNAL REVENUE SERVICE, et al., Defendants.**

Bankruptcy No. 97–10704.
Adversary No. 97–1149.

United States Bankruptcy Court,
N.D. California.

Dec. 15, 1997.

---

Stephen P. Arnot, Eureka, CA, for Plaintiffs.

Joyce E. Hee, Deputy Attorney General, Oakland, CA, for Defendants.

Memorandum of Decision on Motion of Franchise Tax Board to Dismiss

ALAN JAROSLOVSKY, Bankruptcy Judge.

The debtors commenced this adversary proceeding initially for the sole purpose of obtaining a judgment determining that their tax debts have been discharged as a result of their Chapter 7 bankruptcy. The Internal Revenue Service readily stipulated to judgment. The State of California Franchise Tax Board, however, set off the debtor's postpetition tax refund against their discharged taxes. The debtors then amended their complaint to add a claim for damages for violation of the automatic stay. The State has moved to dismiss this action based on its claim of sovereign immunity under the Eleventh Amendment to the Constitution.

In the wake of the Supreme Court decision in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), most courts appear to be holding that Congress has no power to allow suits against a state in bankruptcy court absent the state's waiver of sovereign immunity. See, e.g., *In re Fernandez,* 123 F.3d 241 (5th Cir.1997); *In re Creative Goldsmiths of Washington, D.C., Inc.,* 119 F.3d 1140 (4th Cir.1997). Under this interpretation of the law, the debtor's claim for damages must be prosecuted in state court. However, the state seeks complete dismissal based on lack of personal jurisdiction. The court has great difficulty with this position insofar as the dischargeability determination is concerned.

The court begins by noting the benign nature of a dischargeability proceeding, which seeks only a determination that the State's tax claims have been discharged and are no longer enforceable. The court also notes that Congress gave the bankruptcy courts the power to determine dischargeability issues in 1970 in order to address serious deficiencies in a bankruptcy system which left it to the states to determine the effect of a discharge issued by a federal court. See Countryman, "The New Dischargeability Law," 45 Am.Bankr.L.J. 1 (1971). It would be a major step backward to remove such a fundamental issue of bankruptcy law from the proper jurisdiction of the federal courts.

The court further notes that nothing actually in the Eleventh Amendment prohibits this action, as the State is being sued by one of its own citizens. Only hoary case law extends the Eleventh Amendment to such cases, despite clear wording in the Amendment that it applies to suits brought against a state by citizens of *another* state. Perhaps it is time to revisit this issue, in light of the Supreme Court's holding that the Eleventh Amendment trumps Article I. If the Eleventh Amendment is being so strictly interpreted that it interferes with Congress' power to make effective bankruptcy laws, it should also be strictly limited to its express terms.

As a policy matter, allowing the bankruptcy courts to determine whether a tax has been discharged is a small price for the states to pay, considering the millions of dollars poured into state treasuries every year from bankruptcy estates at no cost to the states. In light of this benefit to the states, it is not asking too much to require

them to abide by bankruptcy court decisions concerning their rights under the Bankruptcy Code.

There is significant authority for treating dischargeability determinations differently from actions which seek monetary or other affirmative relief. In *Hoffman v. Connecticut Income Dept.*, 492 U.S. 96, 102, 109 S.Ct. 2818, 2823, 106 L.Ed.2d 76, 84–85 (1989), the court noted:

We therefore construe section 106(c) as not authorizing monetary recovery from the States. Under this construction of section 106(c), a State that files no proof of claim would be bound, like other creditors, by discharge of debts in bankruptcy, including unpaid taxes . . . but would not be subjected to monetary recovery.

While the Court in *Hoffman* was dealing with interpretation of the prior version of section 106 of the Bankruptcy Code, its ruling made great practical sense. In essence, it was holding that a dischargeability determination was not "a suit in law or equity" and could therefore be heard in bankruptcy court notwithstanding a state's claim of sovereign immunity. Here again, the Eleventh Amendment should be narrowly interpreted if it severely inhibits the power of Congress to exercise its Article I authority.

For the foregoing reasons, the court finds that the State is immune from money judgment in this court but that this court may proceed, notwithstanding the State's immunity, to determine whether its claims against the debtors have been discharged. The court will accordingly grant the State's motion as to the debtors' claim for damages but deny it as to the request for a determination of dischargeability. Counsel for the debtors shall submit an appropriate form of order.