## In re PSYCHIATRIC HOSPITALS OF FLORIDA, INC., Debtor.

### Jim SMITH, Pinellas County Property Appraiser, Appellant,

v.

### PSYCHIATRIC HOSPITALS OF FLORIDA, INC., Appellee.

### No. 97–2545–CIV–T–26 B.

United States District Court, M.D. Florida, Tampa Division.

Jan. 15, 1998.

Burton Norris Rickey, Pinnellas Cty. Attys. Office, Clearwater, FL, Richard C. Prosser, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for Psychiatric Hosp. of Florida.

Charles Martin Tatelbaum, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for Appellant.

### *ORDER*

LAZZARA, District Judge.

■ This Court has for its consideration an appeal taken by the Pinellas County Prop-

---

erty Appraiser from a order of the Bankruptcy Court granting the Debtor's Motion to Determine Tax Liability pursuant to the provisions of 11 U.S.C. § 505.[1] The central issue raised by the Property Appraiser is whether the Bankruptcy Court erred in failing to grant his Motion for Summary Judgment in which he contended that the doctrine of sovereign immunity embodied in the Eleventh Amendment to the United States Constitution absolutely prohibited the Debtor from bringing such a motion in that it was an action against the State of Florida. In denying the motion, however, the Bankruptcy Court never reached the issue of sovereign immunity because it concluded that the Debtor's Motion to Determine Tax Liability did not constitute a "suit" against the State of Florida and thus did not implicate Eleventh Amendment concerns.[2] This Court reviews the correctness of this legal conclusion de novo. *See, e.g., Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319, 1322 (11th Cir. 1995).

 In support of its conclusion that the Debtor's motion did not constitute a suit against the State of Florida, the Bankruptcy Court observed that "the Motion does not seek any remedy from the State and requires no action from the State whatsoever." It further observed that the only reason the motion named the Property Appraiser was because "the relief sought by the Motion is to reevaluate the property of the Debtor which was previously valued for the relevant years by the Property Appraiser."

The Bankruptcy Court's observations are borne out by an examination of the Debtor's motion. The only relief it sought, consistent with the provisions of 11 U.S.C. § 505, was to have the Bankruptcy Court determine its tax liabilities regarding certain properties which the Property Appraiser had previously assessed. It in no way sought the entry of a money judgment against the State, which is the core concern of the Eleventh Amendment,[3] or the issuance of injunctive relief.[4] Given this state of the record, therefore, it is this Court's view that to construe the motion as a "suit in law or equity" brought against the State of Florida in violation of the Eleventh Amendment would be inconsistent with the plain meaning of that Amendment. Moreover, any concern that the motion had the effect of violating the Eleventh Amendment's design to avoid the indignity of subjecting a state to the coercive process of federal judicial power[5] simply does not exist in this case because the Property Appraiser stipulated and agreed to the values which the Bankruptcy Court assigned to the Debtor's property in granting the motion.

Accordingly, this Court concludes that the Bankruptcy Court was correct in ruling that the Debtor's Motion to Determine Tax Liability was not a suit against the State of Florida thus obviating the need for it to address Congress' constitutional authority to abrogate Eleventh Amendment sovereign immunity within the context of proceedings brought under the Bankruptcy Code. Its decision, therefore, is affirmed and the clerk is directed to close this file.

1. Pursuant to the provisions of Federal Rule of Bankruptcy Procedure 8019, and in the interest of expediting a decision in this case, this Court suspends the requirement that the Debtor-Appellee file its brief as required by Federal Rule of Bankruptcy Procedure 8009(a)(2). This Court also dispenses with oral argument in accord with Federal Rule of Bankruptcy Procedure 8012(3).

2. In light of this conclusion, the Bankruptcy Court declined to address the issue of whether Congress had the constitutional authority to abrogate Eleventh Amendment sovereign immunity under specific sections of the Bankruptcy Code, including section 505, pursuant to the 1994 amendment to 11 U.S.C. § 106(a). *See In the*

*Matter of Fernandez*, 123 F.3d 241 (5th Cir.1997) (and cases cited therein).

3. *See Hess v. Port Authority Trans–Hudson Corp.*, 513 U.S. 30, 47, 115 S.Ct. 394, 404, 130 L.Ed.2d 245 (1994).

4. *Cf. Capitol Industries–EMI, Inc. v. Bennett*, 681 F.2d 1107, 1120–1121 (9th Cir.), *cert. denied*, 455 U.S. 943, 102 S.Ct. 1438, 71 L.Ed.2d 655 (1982).

5. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 56–58, 116 S.Ct. 1114, 1124, 134 L.Ed.2d 252 (1996).