In re Haskell Doak **WILLIS**, SSN# 442–48–8717, Debtor.

**Haskell Doak Willis, Plaintiff,**

v.

**The State of Oklahoma, ex rel., Oklahoma Tax Commission, Defendant.**

Bankruptcy No. 98–72426.
Adversary No. 98–7144.

United States Bankruptcy Court, E.D. Oklahoma.

March 3, 1999.

---

Kenneth G.M. Mather, Tulsa, OK, for Plaintiff.

Amber L. Willingham, Assistant General Counsel, Oklahoma City, OK, for Defendant.

## OPINION

TOM R. CORNISH, Bankruptcy Judge.

The State of Oklahoma ex rel. Oklahoma Tax Commission ("State") seeds a determination from this Court that it is immune from suit. The issue presented is whether Congress abrogated the Eleventh Amendment when enacting 11 U.S.C. § 106 of the Bankruptcy Code, as amended by the Bankruptcy Reform Act of 1994. The answer is yes. This Court finds that the requirements have been met to abrogate the sovereign immunity of the State and therefore, its Motion to Dismiss will be denied.

The Debtor filed this bankruptcy proceeding on August 26, 1998. Thereafter, he brought an adversary proceeding seeking a determination that taxes, interest and penalties which he owes to the Internal Revenue Service and the State of Oklahoma for tax years 1982 through 1989 inclusive are dischargeable. Further, the Debtor seeks an Order determining that any alleged lien by the IRS has not attached to any current property of the Debtor. The United States ex rel Internal Revenue Service filed an Answer on January 20, 1999. The State has filed a Motion to Dismiss arguing that it is immune from suit under the Eleventh Amendment and seeking dismissal for lack of subject matter jurisdiction. The Debtor objects arguing the Bankruptcy Court has jurisdiction over this matter. This is the first time the sovereign immunity issue has come before this Court.

## DISCUSSION

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The amendment reflects the general principle that a state cannot be sued without its consent. However, the amendment has been extended to include states' immunity from suit brought

by their own citizens. *Headrick v. State of Georgia (In re Headrick)*, 200 B.R. 963 (Bankr.S.D.Ga.1996) *on rehearing*, 203 B.R. 805 (Bankr.S.D.Ga.1996). The United States Supreme Court set out a two part test to determine whether Congress had successfully abrogated the Eleventh Amendment immunity: "first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity,' and second, whether Congress has acted 'pursuant to a valid exercise of power.'" *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55–56, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996)(quoting *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985)).

Section 106 of the Bankruptcy Code provides:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections … 523 . . . .

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.

(5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of bankruptcy Procedure or nonbankruptcy law.

(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

(c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

Section 106 is a clear and unequivocal abrogation of sovereign immunity. *In re Straight*, 209 B.R. 540, 549 (D.Wyo.1997) *aff'd on other grounds* 143 F.3d 1387 (10th Cir.1998). The issue then becomes whether Congress acted pursuant to a valid exercise of power.

Article I of the Constitution provides, in pertinent part:

The congress shall have the power … (4) To establish a uniform rule of naturalization, and uniform laws on the subject of bankruptcies throughout the United States.

U.S. Const. art. I, § 8, cl. 4. The Supreme Court in *Seminole* held that Congress could not abrogate sovereign immunity, even if the legislation was passed pursuant to Congress' Article I power. *Seminole*, 517 U.S. at 71–74, 116 S.Ct. at 1131–32. However, the Supreme Court stated that Congress may abrogate state sovereign immunity if legislation is enacted under § 5 of the Fourteenth Amendment. The pertinent sections of the Fourteenth Amendment are as follows:

Section 1. . . . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

\*     \*     \*     \*     \*     \*

Section 5. The congress shall have power to enforce, by appropriate legislation, the provisions of this article.

U.S. Const. amend. XIV.

At this point, courts are divided when determining which power Congress enacted § 106. Some courts have found that § 106 was enacted pursuant to the power in Article I, section 8, the Bankruptcy Clause and determined that § 106 is unconstitutional. *See In re Sacred Heart Hosp. of Norristown,* 133 F.3d 237, 244 (3d Cir.1998); *Schlossberg v. Maryland (In re Creative Goldsmiths of Washington),* 119 F.3d 1140, 1146 (4th Cir. 1997); *Dept. of Transp. and Development v. PNL Asset Management Co. (In re Fernandez),* 123 F.3d 241, 245–46 (5th Cir.1997); *In re Elias,* 218 B.R. 80, 86 (9th Cir. BAP 1998); *In re Mitchell,* 222 B.R. 877 (9th Cir. BAP 1998); *Morrell v. Franchise Tax Bd. (In re Morrell),* 218 B.R. 87 (Bankr.C.D.Cal.1997); *Mueller v. State of Idaho (In re Mueller),* 211 B.R. 737 (Bankr.D.Mont.1997); *Neary v. Commonwealth of Pennsylvania Dep't. of Revenue (In re Neary),* 220 B.R. 864 (Bankr. E.D.Pa.1998). Courts have based their decisions rejecting the idea that § 106 was enacted pursuant to § 5 of the Fourteenth Amendment on different ideas. One court noted that bankruptcy was not a privilege or immunity of citizenship which would implicate the Fourteenth Amendment. *Morrell* at 91. Further, other courts noted that there was no evidence that the Bankruptcy Reform Act of 1994 was passed pursuant to § 5 of the Fourteenth Amendment. *Fernandez* at 245–46; *Creative Goldsmiths* at 1146; *Elias* at 86. Another court stated there was nothing connecting § 106 to the Fourteenth Amendment. *Mueller* at 742. Lastly, one court determined the legislation must have been regarded as serving a Fourteenth Amendment purpose for Congress to have acted under the Fourteenth Amendment. *In re Doiel,* 228 B.R. 439, (D.S.D.1998)(quoting *Raper v. State of Iowa,* 115 F.3d 623 (8th Cir.1997)).

There are three courts that have found that § 106 was enacted pursuant to § 5 of the Fourteenth Amendment. *See Mather v. Oklahoma Employment Sec. Comm'n (In re Southern Star Foods, Inc.),* 190 B.R. 419, 426 (Bankr.E.D.Okla.1995); *In re Straight,* 209 B.R. 540 (D.Wyo.1997); *Headrick v. State of Georgia (In re Headrick),* 203 B.R. 805 (Bankr.S.D.Ga.1996) The court in *Southern Star* noted:

> Article I of the Constitution gives the national government power to legislate on the subject of bankruptcy; and the national government has done so, by creating the complex of privileges and immunities, rights and liabilities, found in the Bankruptcy Code. The Bankruptcy Code is intended to provide all American citizens with the following: the privilege of efficient liquidation or other use and ratable distribution of a debtor's assets, or (to put it another way) with immunity from the inefficient liquidation or use and inequitable distribution of a debtor's assets which may obtain under State laws; the privilege of discharge, or (to put it another way) with immunity from oppressive debt collection which may obtain under State laws; liberty from economic bondage, and protection against undue loss of value of property in exigent financial circumstances; and fair and efficient determination of all of the above, according to the process due in a national court of equitable jurisdiction, without regard to persons or to any special privileges save those considered by Congress to be justified as a matter of policy.
>
> Although such laws are enacted "pursuant to Article I," they are enforceable "through the Fourteenth Amendment." To attempt to separate the power of national enactment under Article I from the power of national enforcement under the Fourteenth Amendment is to mince the Constitution—to take what should be considered as a working whole, and dismember it into a scatter of lifeless parts. This Court declines to do so. It is apparent to this Court that 11 U.S.C. § 106(a), even though enacted "pursuant to Article I," is also a valid exercise of Congressional enforcement power, including the power to abrogate State sovereign immunity, "through the Fourteenth Amendment."

*Southern Star,* 190 B.R. at 426. The District of Wyoming in *In re Straight,* 209 B.R. 540 (D.Wyo.1997), followed *Southern Star* and

*Headrick* finding that "Congress has the authority to abrogate States' sovereign immunity from suit by individuals for violating provisions of the Bankruptcy Code, pursuant to the Fourteenth Amendment." *Straight,* 209 B.R. at 555. As the court noted in *Straight, Southern Star* provides a useful analysis of sovereign immunity under the Fourteenth Amendment even though the opinion predates *Seminole. Straight,* 209 B.R. at 549. The court in *Headrick* noted:

> In my previous Order, I found that the protections of the Bankruptcy Code are Congressional expression of specific privileges and immunities incident to federal citizenship, and that Congress may therefore enact legislation enforceable against the States in federal court under the Fourteenth Amendment of the United States Constitution. [footnote omitted]. *Headrick v. Georgia (In re Headrick),* 200 B.R. 963 (Bankr.S.D.Ga.1996), citing *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

The court in *Ranstrom v. Internal Revenue Serv. (In re Ranstrom),* 215 B.R. 454, 456 (Bankr.N.D.Cal.1997) held that the state is immune from a money judgment in bankruptcy court but the court may proceed, notwithstanding the State's immunity, to determine whether its claims against debtors had been discharged. Another court concluded that a motion to determine tax liability was not a "suit" against the State of Florida which implicated the Eleventh Amendment. *In re Psychiatric Hosps. of Florida, Inc.,* 216 B.R. 660, 661 (M.D.Fla.1998).

■ This Court believes the reasoning of *Southern Star, Straight* and *Headrick* is well founded and until the Tenth Circuit or the United States Supreme Court resolves this issue, the court will follow such reasoning. The Bankruptcy Code has a vast number of privileges and immunities which are enforceable through the Fourteenth Amendment. As a result, the Court finds that § 106 of the Bankruptcy Code was enacted pursuant to the Fourteenth Amendment and therefore was a valid exercise of its power. As a result, Congress had the authority to abrogate the State's sovereign immunity.

IT IS THEREFORE ORDERED that the Motion to Dismiss filed by the State is **denied**.