**In re Michael ROSS and Angela Ross, Debtors.**

**Daniel L. Bakst, Trustee, Plaintiff,**

**v.**

**The State of New Jersey, Division of Taxation–Income Tax, Defendant.**

Bankruptcy No. 97–36520–BKC–SHF. Adversary No. 99–3039–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

May 26, 1999.

Barry P. Gruher, Bakst, Cloyd & Bakst, P.A., West Palm Beach, FL, for Trustee.

Tracy E. Richardson, Attorney at Law, Division of Law, R.J. Hughes Justice Complex, Trenton, NJ, for State of New Jersey.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on May 4, 1999, for consideration of the motion of the defendant, the State of New Jersey, Division of Taxation, to dismiss the Trustee's complaint for lack of jurisdiction. The State of New Jersey contends that the Eleventh Amendment of the United States Constitution leaves this Court without jurisdiction to hear the Trustee's complaint. Having considered the argument of counsel and for the reasons set forth below, the Court grants the State of New Jersey's motion to dismiss.

The Trustee commenced this adversary proceeding on February 23, 1999, seeking to avoid and recover a fraudulent transfer; to determine the right of the estate to a tax refund; to obtain turnover of property; and to avoid post-petition transactions. The State of New Jersey responded with its motion to dismiss, asserting that Congress lacked the authority to abrogate sovereign immunity as it attempted to do with the 1994 amendment of 11 U.S.C. § 106. The State of New Jersey's motion requests this Court to determine the extent to which the Supreme Court's decision in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), applies to the Bankruptcy Code. Before addressing the parties' arguments, the Court notes that the Supreme Court's order vacating the Seventh Circuit Court of Appeals' opinion in the case of *Ohio Agricultural Commodity Depositors Fund v. Mahern, Trustee Merchants Grain, Inc.*, 517 U.S. 1130, 116 S.Ct. 1411, 134 L.Ed.2d 537 (1996), and remanding that case for reconsideration in light of *Seminole*, leaves little doubt that *Seminole* applies to the Bankruptcy Code.

The Trustee makes three arguments to refute the State of New Jersey's motion. First, with the enactment of 11 U.S.C. § 106, Congress expressly waived the States' sovereign immunity under the Eleventh Amendment. Second, Congress was authorized to enact Section 106 under Section 5 of the Fourteenth Amendment of the Constitution. Third, sovereign immunity does not bar the Court from determining the Debtors' tax liability to New Jersey. While these issues have not been addressed by the Eleventh Circuit, other Circuit Courts of Appeal and bankruptcy courts throughout the country have considered each argument raised by the Trustee. Although the Trustee will not admit that the greater weight of authority favors the State of New Jersey, arguing instead that the line- of cases cited by the defendant "are *not* binding authority on this Court" (emphasis in original), there are few cases that support the Trustee's contentions.

*Authority to Abrogate*

The Supreme Court has established a two-prong test for determining whether Congress may abrogate the states' Eleventh Amendment immunity from suit in Federal Court. *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). First, did Congress unequivocally express its intent to abrogate the states' immunity? Second, did it do so through a valid exercise of power? There is no dispute that with the enactment of Section 106, Congress intended to abrogate the immunity of governmental units. Section 106 expressly states, "[n]otwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section." Further, there is no dispute that Congress has the authority to waive the right of sovereign immunity held by the United States government and any of its agencies. Rather, the issue is whether Congress abrogated the sovereign immunity of the states through a valid exercise of power.

*Validity of Congress' Exercise of Power*

 Since *Seminole* "section five of the Fourteenth Amendment has been the sole basis for Congress to abrogate the states' immunity under the Eleventh Amendment." *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 131 F.3d 353, 358 (3d Cir. 1997). To support his position that Congress did abrogate the states' immunity through a valid exercise of power, the Trustee cites to *In re Southern Star Foods, Inc.*, 190 B.R. 419 (Bankr.E.D.Okla. 1995). That court reasoned that—

> Congress' exercise of its basic national legislative powers under any of the provisions of Article I will usually (if not invariably) implicate the "privileges or immunities of the United States ... life, liberty or property ... due process of law ... [or] the equal protection of the laws." A State cannot limit the exercise by a citizen of the United States of a

right conferred by a valid act of Congress. Article I of the Constitution gives the national government power to legislate on the subject of bankruptcy; and the national government has done so, by creating the complex of privileges and immunities, rights and liabilities, found in the Bankruptcy Code.

*Southern Star Foods,* 190 B.R. at 426 (citations omitted). This argument has been rejected by the Circuit Courts of Appeal that have considered it. In *In re Creative Goldsmiths of Washington, D.C., Inc.,* 119 F.3d 1140 (4th Cir.1997), the Fourth Circuit found no intent by Congress to enact the Bankruptcy Reform Act of 1994 under Section 5 of the Fourteenth Amendment. That court further stated that "[i]f the Fourteenth Amendment is held to apply so broadly as to justify Congress' enactment of the Bankruptcy Code as a requirement of due process, then the same argument would justify every federal enforcement scheme as a requirement of due process under the Fourteenth Amendment." The Fifth Circuit agrees, stating in its decision in *Matter of Fernandez,* 123 F.3d 241 (5th Circuit 1997), "[t]o cede to Congress the power to pass general, substantive legislation which abrogates state sovereign immunity, pursuant to the Enforcement Clause, would render Eleventh Amendment state sovereign immunity meaningless and eviscerate the fundamental construct of federalism in our constitutional form of government." *Fernandez,* 123 F.3d at 244. As noted by the Third Circuit in *In re Sacred Heart Hospital of Norristown,* 133 F.3d 237, 243 (3rd Cir. 1998), "if Congress does not explicitly identify the source of its power as the Fourteenth Amendment, there must be something about the act connecting it to recognized Fourteenth Amendment aims." *Sacred Heart,* 133 F.3d at 243 *quoting, Wilson–Jones v. Caviness,* 99 F.3d 203, 210 (6th Cir.1996). The Third Circuit also concluded that there was no evidence that Section 106(a) was enacted pursuant to any constitutional provision other than Congress' Bankruptcy Clause power. *Id.* Fi-

nally, in *Seminole* the Supreme Court states that "[e]ven when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States. The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." *Seminole,* 517 U.S. at 72–73, 116 S.Ct. 1114. This Court agrees with the Circuit Courts of Appeal that have considered the issue and determines that Congress did not act through the Fourteenth Amendment when it amended Section 106 of the Bankruptcy Code with the enactment of the Bankruptcy Reform Act of 1994.

*Applicability of Sovereign Immunity*

▆ The Trustee also contends that sovereign immunity does not bar this Court from determining the Debtors' tax liability. However, in his complaint, the Trustee does not seek a determination of the Debtors' tax liability, but seeks a tax refund, thus seeking a money judgment against the State of New Jersey. Further, the Trustee's argument also fails on Constitutional grounds. Supporting the Trustee's position is the case of *In re Psychiatric Hospitals of Florida, Inc.,* 216 B.R. 660 (M.D.Fla.1998). In that case, the District Court considered whether a motion to determine tax liability was a "suit" against the State of Florida. The court determined that the motion in no way sought the entry of a money judgment against the State or the issuance of injunctive relief. However, in the case of *In re NVR L.P.,* 206 B.R. 831 (Bankr.E.D.Va.1997), the bankruptcy court considered whether a declaratory action to determine that the debtors' tax debt had been discharged, thereby entitling the debtors to a refund, constituted a "suit" against the state. That court determined that obtaining such relief could act as res judicata in a later

proceeding, having the same effect as a "full-fledged award of damages or restitution by the federal court." *NVR*, 206 B.R. at 844, *quoting, Green v. Mansour*, 474 U.S. 64, 73, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). Likewise, if this Court were to determine the extent of the Debtors' or the estate's tax liability, it effectively would be entering a money judgment against New Jersey, thus violating the Eleventh Amendment. Accordingly, it is

ORDERED that the motion of the State of New Jersey, Division of Taxation to dismiss is **granted,** and this adversary proceeding is **dismissed with prejudice.**