**In re Sandra Joan POWERS, Debtor.**

**Sandra Joan Powers, Plaintiff,**

**v.**

**Alaska Commission on Post–Secondary Education, Defendant.**

**Bankruptcy No. 99–19986–WV.**
**Adversary No. 00–1042–WV.**

United States Bankruptcy Court,
W.D. Oklahoma.

Sept. 30, 2003.

Russ B. Haskins, Shawnee, OK, for Plaintiff.

Mark Clayton Choate, San Diego, CA, for Defendant.

## ORDER ON MOTION TO DISMISS

THOMAS M. WEAVER, Chief Judge.

This matter comes before the court on the amended motion to dismiss for lack of subject matter jurisdiction filed by defendant Alaska Commission on Post–Secondary Education ("Defendant"), to which plaintiff Sandra Joan Powers ("Plaintiff") filed her response in objection. The issues have been fully briefed and are ripe for determination. After careful review of the motion and supporting brief, Plaintiff's response and the applicable law, the court finds that the motion should be granted.

Plaintiff brings the instant adversary proceeding seeking a determination that a certain student loan debt owed to Defendant is dischargeable in her bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(8).[1] Defendant filed the instant amended motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), which is made applicable to adversary proceedings by FED. R. BANKR. P. 7012(b). Defendant argues that, in accordance with *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the court lacks subject matter jurisdiction over Defendant in this adversary proceeding seeking to obtain monetary relief by discharging Plaintiff's student loan obligations to Defendant, which is an "arm of the State of Alaska." Defendant contends that, in enacting § 106(a) of the Bankruptcy Code, which purports to abrogate a state's Eleventh Amendment immunity, Congress failed to act pursuant to a valid grant of constitutional authority. Defendant further contends that the State of Alaska has not waived its Eleventh Amendment immunity from suit in federal court.

---

1. Unless otherwise specifically indicated, all references to sections herein are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330.

In response, Plaintiff concedes that Defendant is an "arm of the State of Alaska" and is entitled to assert the state's Eleventh Amendment immunity. *See* Memorandum Supporting Response to Motion to Dismiss at p. 1. In addition, Plaintiff concedes that Defendant has not voluntarily waived its Eleventh Amendment immunity from suit. *Id.* Thus, the only remaining issue for resolution is whether § 106(a)'s purported abrogation of the state's Eleventh Amendment immunity is constitutional.

The Eleventh Amendment states: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has treated this amendment as an affirmation of the sovereign immunity of the states and has interpreted it to prohibit a federal court action against a state by its own citizens as well as by citizens of other states. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

■ There are two recognized exceptions to Eleventh Amendment immunity. The first applies when sovereign immunity is abrogated by an act of Congress. The second, which Plaintiff concedes is inapplicable here, applies when the state has consented to the suit and waived its sovereign immunity. *Seminole Tribe,* 517 U.S. at 54, 116 S.Ct. 1114. *Seminole Tribe* dealt with the first type of exception. It sets out a two-part test for determining whether sovereign immunity is abrogated by an act of Congress. First, a court must determine whether Congress has unequivocally expressed its intent to abrogate the immunity. Second, a court must determine whether Congress has acted pursuant to a valid exercise of power. *Id.* at 55, 116 S.Ct. 1114.

■ Section 106(a) clearly meets the "unequivocal intent to abrogate" test. *Straight v. Wyoming Dep't. of Transp. (In re Straight),* 248 B.R. 403 (10th Cir. BAP 2000). It provides that "sovereign immunity is abrogated as to a governmental ... unit with respect to" a list of sections of the Bankruptcy Code, and that the court "may hear and determine any issue arising with respect to the application of such sections to governmental units." § 106(a)(1) & (2). *See Straight,* 248 B.R. at 416. It also authorizes the bankruptcy court to "issue against a governmental unit an order, process, or judgment under such sections ... including an order or judgment awarding a money recovery." § 106(a)(3). Thus, as recognized by the court in *Straight,* as well as by other courts, "in § 106(a), Congress has made its intention to abrogate the States' sovereign immunity 'unmistakably clear in the language of the statute.'" *Straight,* 248 B.R. at 416. *See Sacred Heart Hosp. v. Pennsylvania Dep't. of Pub. Welfare (In re Sacred Heart Hosp.),* 133 F.3d 237, 243 (3rd Cir.1998)(holding that Congress manifested requisite intent to abrogate); *Department of Transp & Dev. v. PNL Asset Mgmt. Co. (In re Estate of Fernandez),* 123 F.3d 241, 243 (5th Cir.), *amended on denial of reh'g,* 130 F.3d 1138 (5th Cir. 1997)(same); *Schlossberg v. Maryland (In re Creative Goldsmiths of Washington D.C., Inc.),* 119 F.3d 1140, 1145 (4th Cir. 1997), *cert denied,* 523 U.S. 1075, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998)(same); *Rose v. United States Dep't of Educ. (In re Rose),* 214 B.R. 372, 375–76 (Bankr. W.D.Mo.1997)(same). Consequently, if § 106(a) was enacted pursuant to a valid exercise of power, it constitutes a valid abrogation of Defendant's Eleventh Amendment immunity.

■ Although the Supreme Court's ruling in *Seminole Tribe* dealt specifically with the Indian Commerce Clause, the opinion teaches that Congress may not abrogate Eleventh Amendment immunity through the exercise of legislative power granted in Article I. "Even when the Constitution vests in Congress complete lawmaking authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States ... and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." *Seminole Tribe*, 517 U.S. at 72–73, 116 S.Ct. 1114. The most obvious source of constitutional authority is the Bankruptcy Clause of the United States Constitution. This Clause, located in Article I, grants Congress the power to "establish ... uniform Laws on the subject of Bankruptcies throughout the United States." U.S. CONST. art. I, § 8, cl. 4. Since, under *Seminole Tribe*, Article I powers cannot be used to circumvent the Eleventh Amendment restrictions on federal judicial power, this broad authority does not give Congress the power to abrogate the States' sovereign immunity. *Seminole Tribe* thus renders § 106 unconstitutional insofar as it was enacted pursuant to Article I powers. *But see Hood v. Tennessee Student Assistance Corp.*, 319 F.3d 755 (6th Cir. 2003), *petition for cert. filed*, 71 U.S.L.W. 3724 (U.S. May 2, 2003)(No. 02–1606)(holding that § 106(a) is a valid abrogation of Eleventh Amendment immunity based on a constitutional compact between the states authorizing Congress to make "uniform" laws over bankruptcy).

■ However, Congress may abrogate state's Eleventh Amendment immunity by acting under § 5 of the Fourteenth Amendment. *Seminole Tribe*, 517 U.S. at 59, 116 S.Ct. 1114 (citing *Fitzpatrick v.*

*Bitzer*, 427 U.S. 445, 452–56, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)). The Fourteenth Amendment provides in part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within the jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Section 5 of the Fourteenth Amendment empowers Congress to enact "appropriate legislation" to "enforce" the provisions of the Fourteenth Amendment. *Id.* at § 5. When Congress specifically relies on the enforcement section of the Fourteenth Amendment in creating a cause of action against the state, it abrogates its immunity from suit in federal court and removes the Eleventh Amendment limitation on the judicial power of the United States. The Fourteenth Amendment was enacted after the Eleventh Amendment and was specifically designed to alter the federal-state balance. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd. (College II)*, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). Plaintiff argues that, in enacting § 106, Congress acted pursuant to § 5 of the Fourteenth Amendment, making it a valid exercise of constitutional power.

■ Congress' enforcement power under § 5 of the Fourteenth Amendment is remedial in nature. *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank (College I)*, 527 U.S. 627, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999). In order for Congress to invoke its Fourteenth Amendment powers, "it must identify conduct transgressing the Fourteenth Amendment's substantive provisions, and must tailor its legislative scheme to remedying or preventing such conduct." *College I*, 527 U.S. at 639, 119

S.Ct. 2199. Valid legislation enacted pursuant to the Fourteenth Amendment "responds to a history of 'widespread and persisting deprivation of constitutional rights[.]'" *Id.* at 645, 119 S.Ct. 2199 (quoting *City of Boerne v. Flores*, 521 U.S. 507, 526, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997)).

◼ Initially, the court notes that "[t]here is no evidence that [§ 106] was passed pursuant to the Fourteenth Amendment or any constitutional provision other than the bankruptcy power of Article I, § 8, cl. 4." *In re Fernandez*, 123 F.3d at 245. In addition, there is no indication that Congress intended to remedy any widespread and persisting deprivation of Fourteenth Amendment rights. *Id.* (citing *Tri–City Turf Club, Inc. v. Kentucky Racing Comm'n (In re Tri–City Turf Club, Inc.)*, 203 B.R. 617, 620 (Bankr.E.D.Ky. 1996)). As stated by the Tenth Circuit in *Aaron v. State of Kansas*, 115 F.3d 813 (10th Cir.1997), if Congress does not explicitly identify the source of its power as the Fourteenth Amendment, the legislation itself must contain some connection to recognized Fourteenth Amendment goals before it is appropriate to characterize it as passed pursuant to the Fourteenth Amendment. *Id.* at 817 (citing *Wilson–Jones v. Caviness*, 99 F.3d 203, 210 (6th Cir.1996), *modified on other grounds*, 107 F.3d 358 (6th Cir.1997)(per curiam)).

◼ Courts are split on the issue of whether § 106 was enacted pursuant to the Fourteenth Amendment. The minority view, which was adopted by the case relied upon by Plaintiff,[2] holds that § 106 was validly enacted pursuant to the Fourteenth Amendment. *See Arnold v. Sallie Mae Servicing Corp. (In re Arnold)*, 255

B.R. 845 (Bankr.W.D.Tenn.2000); *Willis*, 230 B.R. at 623; *Headrick v. State of Georgia (In re Headrick)*, 203 B.R. 805 (Bankr.S.D.Ga.1996); *Mather v. Oklahoma Employment Sec. Comm'n (In re Southern Star Foods, Inc.)*, 190 B.R. 419 (Bankr. E.D.Okla.1995). The *Willis* court quoted at length from the opinion in *Southern Star Foods*, which held that Congress' Article I bankruptcy powers are enforceable through the privileges or immunities clause of the Fourteenth Amendment. Specifically, the *Southern Star Foods* court found the following "privileges" were granted to "all American citizens" through the provisions of the Bankruptcy Code: (1) the privilege of efficient liquidation of a debtor's assets; (2) the privilege of discharge; (3) the privilege of liberty from economic bondage; and (4) a national court system to equitably enforce the first three privileges. *Southern Star Foods*, 190 B.R. at 426.

Despite the eloquent and compelling language, the *Southern Star Foods* court cited no authority recognizing the articulated "privileges," and this court's review of extant United States Supreme Court cases reveals no such recognition. In fact, in its pronouncement on this issue in *Saenz v. Roe*, 526 U.S. 489, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999), the Court struck down a California statute imposing a durational residency requirement on the receipt of certain welfare benefits on Fourteenth Amendment Privileges or Immunities Clause grounds. While recognizing the existence of "fundamentally differing views concerning the coverage of the Privileges or Immunities Clause of the Fourteenth Amendment," the Court found that the statute violated new California residents' "right to travel" which it found was pro-

---

2. Plaintiff relies on the case of *Willis v. State of Oklahoma ex rel., Oklahoma Tax Comm'n*,

230 B.R. 619 (Bankr.E.D.Okla.1999).

tected by the Fourteenth Amendment. *Id.* at 504, 119 S.Ct. 1518. In dissent, Justice Rehnquist complained that the majority opinion "breathe[d] new life into the previously dormant Privileges or Immunities Clause of the Fourteenth Amendment—a Clause relied upon by [the Supreme] Court in only one other decision ... since its enactment 130 years ago." *Id.* at 511, 119 S.Ct. 1518 (citing *Colgate v. Harvey,* 296 U.S. 404, 56 S.Ct. 252, 80 L.Ed. 299 (1935), *overruled, Madden v. Kentucky,* 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940)).

Based on this discussion, it is clear that the "privileges" articulated by the court in *Southern Star Foods* and relied upon by the *Willis* court are unrecognized by the United States Supreme Court, the final arbiter on constitutional questions. *See 44 Liquormart, Inc. v. Rhode Island,* 517 U.S. 484, 510, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996). In the absence of both an explicit statement that, in enacting § 106, Congress was acting pursuant to § 5 of the Fourteenth Amendment and some connection to recognized Fourteenth Amendment goals, this court declines to adopt the reasoning of *Willis* and *Southern Star Foods,* on which it relies, as requested by Plaintiff.

Further, the court finds significant the fact, as noted in *Straight,* 248 B.R. at 416, that a majority of the circuit court decisions considering the question since *Seminole Tribe* have concluded that § 106 cannot be interpreted to have resulted from an exercise of Congress' power to enforce the Fourteenth Amendment. *Id.* (citing *In re Sacred Heart Hosp.,* 133 F.3d at 237; *In re Fernandez,* 123 F.3d at 241; *In re Creative Goldsmiths of Washington, D.C., Inc.,* 119 F.3d at 1140). *See Nelson v. La Crosse County Dist. Atty. (In re Nelson),* 301 F.3d 820 (7th Cir.2002).

For these reasons, the court finds that, although Congress evidenced its intent to abrogate the States' eleventh amendment immunity in enacting § 106, it acted pursuant to an invalid exercise of power. Thus, the State of Alaska's immunity has not been abrogated, and its amended motion to dismiss for lack of subject matter jurisdiction should be, and hereby is, GRANTED.